The Florida Midland and Georgia Railroad Company vs. Varnedoe.

---

THE FLORIDA MIDLAND AND GEORGIA RAILROAD COMPANY *vs.* VARNEDOE.

81  175
98  598
—————
81  175
107 371
—————
81  175
118 513

81  175
130 645

1 Where suit was brought against a railroad company on an account for cross-ties cut and delivered, and plaintiff afterwards amended his declaration, alleging that the defendant was due him the amount for cutting, etc. the ties, which had been got out and prepared in accordance with a written contract between plaintiff and one Peck, who claimed at the time to act as the agent and general manager of the defendant, which contract was afterwards, through the recognized officers and proper agents of defendant, ratified by defendant, and the ties delivered to defendant, and by it received at the prices and on the terms stated in the contract, etc.; and attached to the amendment was a copy of the contract purporting to have been made between Peck, agent of defendant, and plaintiff, and agreeing to pay a certain rate for the ties of certain dimensions and kinds; there was no error in overruling defendant's motion to strike the amendment and to dismiss the declaration. The amendment setting out the written contract was not a suit upon the contract, but was more in the nature of a memorandum in which the price of the ties and their size was detailed.

2. There was no error in permitting the plaintiff to testify as to where the contract was made, who was present, etc.; and as to what was said to him by one Chandler, who had been appointed by the agent of defendant to inspect the ties; the testimony on these points being simply a part of the history of the case.

3. It was error to permit plaintiff to testify as to what was said to him by one Pendleton concerning Peck's agency, authority, etc., though it be true that Pendleton was a director in the defendant at that time. The declarations of a director as to whether a certain person is the agent of the corporation or not, are not sufficient to bind it.

4. It was error to permit a newspaper extract containing what appeared to be a report of a public meeting in the town of Valdosta, containing a statement that "Mr. Peck, general manager of the Florida Midland and Georgia railroad, responded to loud calls, and in a very felicitous manner congratulated the company upon its muscle and young manhood." What was said and done at such meeting was not admissible to bind the company.

5. It was error to permit plaintiff to testify as to what one McClave swore on the trial of another case, the testimony being for the purpose of impeaching McClave, and no proper foundation having been laid for its introduction.

6. A request to charge that defendant was not bound by what certain named persons may have said to plaintiff, without more, and that one man cannot make another man or a corporation his principal by saying so, nor has every employé of a corporation authority to bind it, was a sound proposition of law and applicable to the case, and should have been given as requested.

7. While it is true that, in the contract, Peck states that he is the agent of the defendant, yet the contract is signed by him individually and not as agent, nor was defendant's name signed to it; and in the body of the contract Peck promises individually to pay plaintiff certain amounts. It was, therefore, the individual contract of Peck, and could not be ratified by the company or its agents. This being so, the only question which should have been submitted was, whether defendant, by its authorized agent, adopted the contract after Peck's failure, or made a new contract with plaintiff upon the same terms and conditions. If they adopted it in substance or made such a new one, then plaintiff should recover if he complied with his part of the contract. If defendant did not adopt the contract or make a new one, or if, having made a new one, plaintiff subsequently withdrew from the contract, he cannot recover.

8. If certain parties came to Georgia and went upon the right of way of defendant, and rented an office and put upon the door a sign-board styling it the office of the defendant, it being a terminus of the defendant, and gave no notice that they were agents of another

company and not agents of defendants (which bore the same name as the other company), and all this was done by them with the knowledge of defendant and with its consent, or without objection by it, then plaintiff had the right to treat them as agents of defendant; and if they made a contract with him, either adopting Peck's contract or making a new one, defendant would be liable.
July 11, 1888.

Pleadings.   Amendment.   Evidence.   Corporations. Directors.   Ratification.   Before   Judge   HANSELL. Lowndes superior court.   November term, 1887.

To the statements contained in the head-notes and in the opinion it is only necessary to add the following:

S. L. Varnedoe sued the Florida Midland and Georgia Railroad Company for $3,483.98, on an account for 19,911 railroad cross-ties cut and delivered.   He afterwards amended his declaration, alleging that the defendant was due him the amount named for the cutting, preparation and delivery to it of the cross-ties, which had before then been got out and prepared in accordance with the terms of a written contract between plaintiff and one Miles W. Peck, entered into March 30, 1884, Peck at that time claiming to act as the agent and general manager of defendant, which, on April 11, 1884, through its recognized officers and proper agents, ratified the contract exhibited to it (a copy being shown to the court); and the ties having been prepared according to the terms of the contract, were, on May 20, 1884, at the request of defendant, delivered to it and by it received at the prices and on the terms stated in the contract, etc.   The copy contract attached to the amendment recites that it is made between Miles W. Peck, agent of the Florida Midland and Georgia Railroad Company, and Samuel L. Varnedoe, and agrees to pay at the rate of eighteen cents a piece for railroad ties of certain dimensions and kinds, and for certain piles for

v 81-12

trestles of certain kinds mentioned at a certain rate; Varnedoe agreeing to faithfully perform the work and deliver the ties in certain quantities. It is a sealed instrument, signed by Miles W. Peck and S. L. Varnedoe.

The defendant moved to dismiss the declaration for the following causes: (1) Because, being on an open account with a copy of the contract attached, it shows no cause of action against the defendant, the contract being a specialty between Varnedoe and Peck; (2) because if there has been any adoption or ratification on part of defendant, it should have been in writing under seal, and should have been set out and declared upon in the pleadings; (3) because the contract is under seal, and plaintiff cannot waive the covenants therein against Peck and sustain an action on account against plaintiff. This motion was overruled.

The jury found for the plaintiff the amount sued for. The defendant moved for a new trial on the following grounds:

(1)–(2) Because of error in overruling defendant's motion to strike the amendment and dismiss the declaration.

(3)–(5) Because of error in permitting plaintiff to testify as to where the contract was made, who were present, and what Chandler said to him concerning the cross-ties and their inspection.

(4) Because of error in admitting plaintiff's testimony as to what Pendleton said to him concerning Peck's agency, authority, etc.

(6) Because of error in permitting plaintiff to testify as to what McClave swore on the trial of the Bracken case.

(7) Because of error in permitting plaintiff to testify as to what Lehlback told him about the ties.

(8) Because of error in admitting the newspaper extract.

(9) Because of error in permitting C. C. Varnedoe to testify as to his claim, its presentation to McClave and payment by him.

(10) Because of error in admitting testimony of the same witness as to conversations between plaintiff and Lehlback.

(11) Because of error, after giving a charge requested by defendant in the following words: "The contract, a copy of which is appended to plaintiff's declaration, is now, and was when made, the contract of Miles W. Peck individually, and not of the defendant, with the plaintiff; it is signed by Peck; it makes him liable to the plaintiff; and the words in the beginning of the same, 'as agent of the Florida Midland and Georgia Railroad Company', are mere words of description and in no way qualify Peck's liability to plaintiff," in adding this limitation: "And if the contract stood alone with nothing else, then the plaintiff would only be entitled to recover against Peck, and not this defendant." The addition changed the sense of the charge and was likely to confuse the jury.

(12) Because the court refused to charge as follows: "The said contract having been construed to be and to have been Miles W. Peck's individual contract with the plaintiff, and it being under seal, oral evidence is inadmissible to add to or alter or vary its terms or character, not even to show that Peck was the agent for the defendant and acted as such in making the contract. When a man joins with another in a sealed contract, the contract speaks for itself and can get no help outside of its four corners."

(13) Because the court refused to charge "that any promise on the part of the defendant to pay said debt

would be an agreement to pay the debt of another, and any such promise or agreement would have to be in writing ; and if there is no such agreement in evidence in writing, then the plaintiff cannot recover in this action against the defendant."

(14) Because the court refused to charge " that if the jury shall find that the defendant, the Georgia company, never authorized Miles W. Peck to make the contract with the plaintiff, then, unless the defendant subsequently adopted or ratified said contract with full knowledge of all the facts and all its terms and items, plaintiff cannot recover."

(15) Because the court refused to charge " that said contract being under seal, any ratification by the defendant of the same should be under seal also."

(16) Because the court refused to charge " that before the jury can find that the said contract was ratified by the said defendant through any agents, they must find as a fact that such person was the agent duly authorized by the defendant's board of directors to so ratify."

(17) Because the court refused to charge " that if the evidence shows that Peck was held out or assumed to hold himself out as agent of this defendant, the Georgia company, in Valdosta and hereabouts, such evidence must be disregarded by the jury, unless it has been made further to appear by the testimony that the defendant authorized him to be so held out or to so hold himself out as agent or general manager, or had knowledge of such holding out, and with such knowledge failed to inform plaintiff of the truth."

(18) Because the court refused to charge " that if the plaintiff dealt with Peck as agent of the defendant, though he may have believed him to be such with authority to bind the defendant, the law imposed on plaintiff the duty of finding out whether Peck had the au-

thority to bind defendant then and there; a man deals with an agent or alleged agent at his peril."

(19) Because the court refused to charge "that if the evidence shows that the ·defendant, the Georgia company, had no officers or agents in the State of Georgia or elsewhere, it was a matter plaintiff could have ascertained before involving himself in a contract with Peck; and if there was none such in this case, then the plaintiff could make no contract with Peck binding this defendant."

(20) Because the court refused to charge "that no sayings of an agent are admissible against his principal, except what he says concerning his appointed work and while he is doing it; the sayings must be a part of the negotiations and constituting the *res gestæ*.

(21) Because the court refused to charge "that this defendant is not bound by anything that any of its directors may have said to plaintiff; a corporation is not bound by the sayings and doings of a director without more."

(22) Because the court refused to charge "that this defendant, the Georgia company, is not bound by what McClave, Peck, Lehlback, Glaskin or Chandler may have said to plaintiff, without more; one man cannot make another man or a corporation his principal by saying so, nor has every employé of a corporation authority to bind it."

(23) Because the court refused to charge "that if the evidence shows that McClave was in fact the general manager of the Florida corporation only, and that corporation was distinct and separate from the Georgia corporation, and if the evidence further shows that he had no money or assets of the defendant, the Georgia corporation, and only dealt and acted for the Florida corporation, then what he said to the plaintiff, if any-

thing, cannot bind the defendant, the Georgia corporation; and if the evidence further shows that McClave, as agent for the Florida company, used some of the piles and timbers for the bridge which the plaintiff agreed to furnish Peck, and paid for the same, this acceptance and payment could not make the company so paying liable for the cross-ties in controversy; and if McClave had been agent for the Georgia company and had so acted, the same law would apply."

(24) Because the court refused to charge as follows: " If the evidence shows that Lehlback was in the employment of the Florida Midland and Georgia Railroad Company, of Florida, and not this defendant, the Georgia company, then nothing he could have said or done to or with the plaintiff could in any manner bind this defendant; and if the evidence further shows that he was employed as a civil engineer, then anything he may have said or done outside of his appointed work of engineering couldn't, in the slightest manner, bind either the Florida or Georgia company to the plaintiff for these ties."

(25) Because the court refused to charge that, " if this defendant never, by any acts of its agents, received and agreed to pay for these cross-ties, it is not bound; and the mere act of the plaintiff in depositing the ties along the road-bed is not enough."

(26) Because the court refused to charge that, " if the jury believe from the evidence that Varnedoe made an offer of sale to McClave of the cross-ties at a given price, after there had been conversations and negotiations, and then withdrew the proposition, what passed between the parties previous thereto is not to be construed as any ratification or adoption of what Peck had previously said or done in dealing with Varnedoe."

(27) Because the court refused to charge that " corpo-

rations act by agents in the scope of their authority and are bound by their acts, but they are not bound by unauthorized acts and sayings of their own agents, and certainly are not bound by the acts and sayings of self-assumed agents acting without authority."

(28) Because the court refused to charge that, " if the jury believe from the evidence that Peck's assumption of power to bind the company was repudiated by the general agent and manager of the company, while Varnedoe had still control of the cross-ties, he gave them up at his peril, and cannot bind the company by any act of his own not approved by the general agent and manager."

(29) Because the court gave the plaintiff unfair advantage in the conduct of the case by allowing him to testify throughout the examination as if he had contracted with the defendant, when in fact the contract is a personal one with Peck, and would so have appeared had it first been put in evidence, as it ought to have been, which was apparent to the court by the copy attached to the amended declaration ; and erred in refusing to rule out all plaintiff's evidence inconsistent with it after it had been put in evidence.

(30) Because the court, over objection, allowed the plaintiff, before introducing the contract, to offer proof of its ratification by defendant, stating that plaintiff had the right to offer evidence in whatever order he chose and to begin at either end and go backward or forward as suited him, and intimating what would be the effect of certain things if proved,—all of which was in presence of the jury, and was, in effect, notice to them of what the judge thought of the case before the contract was put in evidence or the defendant's side had been heard either in evidence or in argument.

(31) Because the charge of the court, in reference to

the sayings and doings of persons claiming to act as agents of defendant, is wrong *per se*, and was not warranted by the evidence.

(32) Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.

J. R. ALEXANDER, J. M. WILKINSON and CHAS. B. MEYER, for plaintiff in error,

W. M. HAMMOND and SMITH & SLATER, *contra*.

SIMMONS, Justice.

Varnedoe brought suit against the railroad company for certain cross-ties cut and delivered to it. Upon the trial of the case, the jury, under the charge of the court, found a verdict for the plaintiff. A motion was made for a new trial, which was overruled, and the defendant excepted. The grounds of the motion will be found in the official report of the case.

1. There was no error in overruling the defendant's motion to strike the amendment and dismiss the declaration. The amendment setting out the written contract by Peck was not a suit upon the contract, as claimed by the plaintiff in error, but was more in the nature of a memorandum in which the price of the ties and their size were detailed.

2. Nor was there any error in permitting the defendant in error to testify as to where the contract was made, who were present, and other circumstances, as claimed in the third ground of the motion. The testimony on this point was simply a part of the history of the case, and the plaintiff was entitled to have it go before the jury. And for the same reason, the court was right in refusing to grant a new trial on the fifth ground, in regard to the testimony of Chandler.

3. We think the court should have granted this motion for a new trial on the errors assigned in the fourth, sixth, eighth and twenty-second grounds of the motion. We do not think that the plaintiff should have been permitted to testify as to what Pendleton said to him concerning Peck's agency and authority, etc. It is true it is claimed that Pendleton was a director of the company at that time; but we do not think the declarations of the director, as to whether a certain person is the agent of the company or not, are sufficient to bind the company.

4. We also think the court erred in admitting the newspaper extract complained of in the 8th ground of the motion. The extract appears to be the report of a public meeting in the town of Valdosta; and what was said and done at that meeting was certainly not admissible to bind the company.

5. We also think the court erred in permitting the plaintiff to testify as to what McClave swore on the trial of the Bracken case. This testimony was for the purpose of impeaching McClave, and no proper foundation had been laid for its introduction.

6. We also think that the court should have given the request embodied in the 22d ground of the motion. It was, that "the defendant is not bound by what McClave, Peck, Lehlback, Glaskin or Chandler may have said to the plaintiff, without more; one man cannot make another man or a corporation his principal by saying so, nor has every employé of a corporation authority to bind it." We think this was a sound proposition of law, and applicable to the case, and should have been given by the court as requested by the defendant.

7. The view we take of the case renders it unnecessary for us to pass upon all the grounds set out in this

motion. The case seems to have been tried in the court below upon the idea that certain agents of the defendant had ratified the contract made between Varnedoe and Peck. The court below was right in ruling that this was the individual contract of Peck. It is true that he says in the contract that he is the agent of the defendant; but the contract is signed by him individually and not as agent, nor was the defendant's name signed thereto; and Peck, in the body of the contract, promises individually to pay Varnedoe so much money. It was, then, the individual contract of Peck, and could not be ratified by the company or its agents, any more than the contract of any other individual about another matter could be ratified by the corporation. This being so, the only question which should have been submitted to the jury was, whether the defendant, by its authorized agent, adopted this contract after the failure of Peck, or made a new contract with Varnedoe upon the same terms and conditions. If they adopted this contract in substance, or made a new contract with Peck upon the same terms and conditions, then Varnedoe would be entitled to recover if he complied with his part of the contract. If, however, they did not adopt this contract of Peck, nor make a new one with Varnedoe, or if they did make a new one with Varnedoe and he subsequently withdrew from the new contract, then he cannot recover. We think that, with Peck's individual contract out of the way, these are the only questions which it will be necessary to submit upon the next trial.

7. It was claimed by the plaintiff in error that Mc-Clave and Lehlback were not the agents of the Georgia corporation, but of the Florida corporation of the same name; and that therefore they could not make a contract that would bind the Georgia corporation. We

are inclined to think that if McClave and Lehlback came over to Georgia and went upon the right of way of the Georgia company, and rented an office and put upon the door of the office a sign-board styling it the office of the Georgia company, it being the terminus of the Georgia company, and gave no notice that they were the agents of the Florida company and not agents of the Georgia company, with the knowledge of the Georgia company, and with its consent or without objection by it, then Varnedoe had the right to treat them as agents of the Georgia company; and if they made a contract with him, either adopting Peck's contract or making a new one, the Georgia company would be liable.

All the other grounds of the motion are in regard to the subject of ratification, which we hold has nothing to do with this case, and it is therefore unnecessary to discuss them.

Judgment reversed.