## INTERNATIONAL POWER COMPANY *v.* HARDY.

1. The fact that a petition alleges that the terms on which the plaintiff was employed to sell on commission are stated in a personal letter from H., who was at the time president of the defendant, is no reason for sustaining a motion to dismiss, made at the trial term.
2. Even though the contract was between the plaintiff and H. individually, the company could adopt the terms contained in the correspondence.    *Fla. R. Co.* v. *Varnedoe,* 81 *Ga.* 175 (7).
3. The petition showed employment and performance of services, and set forth a cause of action, even if the letters be ignored.

Submitted June 30, — Decided August 13, 1903.

Complaint. Before Judge Reid. City court of Atlanta. December 18, 1902.

Hardey's petition against the International Power Company alleged that he had been employed by it as a traveling salesman; that the terms of the contract of employment were set forth in two letters copied in the petition, one from himself to Hoadley, and the other from Hoadley to him ; and that, acting under the contract, he made certain sales, a list of which was set out, on which, according to the terms of the contract, he was entitled to commissions amounting to a sum stated ; and for this sum he sued. By amendment he alleged that Hoadley "was president of defendant and had authority to employ and discharge salesmen and other

agents of defendant, and was actively in charge and control of this and all other departments of defendant's business." The defendant moved to dismiss the petition, because no cause of action was stated; and to the overruling of this motion it excepted. It was insisted that the motion should have been sustained, because the letters showed that the contract was with Hoadley individually, and because there was no averment that Hoadley acted as president of the defendant company, and for it, in making the contract.

*H. E. W. Palmer*, for plaintiff in error.

*Bryan & Alexander*, contra.

LAMAR, J. Even if, under the decision in *Fla. R. Co.* v. *Varnedoe*, 81 *Ga.* 175 (7), the letters be construed as the individual contract of Hoadley, and therefore incapable of ratification, the company, by reference or otherwise, could adopt the same terms as therein stated, and the plaintiff may give proof thereof before the jury. The petition alleges the employment of the plaintiff by the defendant, performance of the services, with a statement of the items of the work done, and the amount to which he was entitled. With or without the letters, there was enough in the petition to withstand a general motion to dismiss after the first term. *S. C. R. Co.* v. *Augusta Co.*, 111 *Ga.* 425.

*Judgment affirmed. By five Justices.*