## KILKENNY PLANTATION *v.* FURBER.

1. A petition that alleges the employment of plaintiff by defendant, performance of stated services, with a general statement of the items of work done, the aggregate value of the same, and the completion of the contract of employment, sets forth a cause of action.
2. When called for by special demurrer thereto, such a petition should set forth with particularity the various services rendered and the value of each kind.

Submitted January 13.—Decided April 14, 1908.

Complaint. Before Judge Seabrook. Bryan superior court. March 30, 1907.

James H. Furber's petition against the Kilkenny Plantation alleged: Defendant is a corporation "owning real property and having its corporate existence in the county of Bryan." It "is indebted to . . petitioner . . $2,500, . . for services rendered said corporation as manager, overseer, and giving directions to the work of erecting buildings on said property and protecting the interests of said corporation in said county." Defendant employed petitioner January 2, 1902, "to perform the labor hereinbefore mentioned, and, in pursuance of said contract of employment [he] entered upon his duties as manager and overseer of said defendant's property; . . in connection with his duties he superintended the erection of about nine miles of fence, and

also superintended the erection of six buildings, overhauled the main house, and built shell roads, bridges, etc." "He performed his contract of labor and is entitled to the reasonable value thereof, no stated price having been agreed upon by him and said corporation as to what amount he should receive for his services." He "performed the duties above stated from January 2, 1902, until February 1, 1903, . . and is reasonably entitled to the amount hereinbefore mentioned, which is just and reasonable." He "has demanded from said corporation compensation for services so rendered as aforesaid, but said corporation neglects and refuses to pay the same."

The petition was demurred to generally and specially. The grounds of the special demurrer were: "That the allegations as to the service rendered by the petitioner are too vague and indefinite to put this defendant on notice of what services were performed, and do not show how petitioner protected the interest of defendant in said county. . . That said petition does not show how much is charged for being manager and overseer, how much charged for superintendence, or how much charged for protecting the interest of . . defendant in said county. . . That said petition does not specify the buildings erected, how the main house was overhauled, what roads, bridges, and fences were built, and the cost of the same, or what amount is claimed for the superintendence of such buildings, overhauling, roads, bridges and fences." Both demurrers were overruled, and defendant excepted.

*U. H. McLaws* and *Walter G. Charlton,* for plaintiff in error. *Stubbs & Chapman* and *Robert L. Colding,* contra.

FISH, C. J. (After stating the facts.)

The petition alleged the employment of plaintiff by defendant, performance of services, completion of the contract of labor, with the statement, in a general way, of the work done and the amount of compensation to which plaintiff was entitled. It therefore set forth a cause of action (*International Power Co.* v. *Hardy,* 118 *Ga.* 512, (45 S. E. 311), and the general demurrer thereto was properly overruled.

The allegations of the petition were, however, not sufficiently definite in several particulars to withstand the attack of the special demurrer. The action was for the value of services alleged to have been rendered by plaintiff for defendant, in the absence of

any agreement as to the amount which should be paid for the same; and when called for by special demurrer, the particular services so performed and their respective values should have been set out. In other words, the petition was defective in not stating how the plaintiff protected the interest of the defendant in the county of Bryan; in not specifying the character of the buildings erected, how or in what way the main house was overhauled, what roads, bridges, and fences were built, and the value of plaintiff's services in doing each particular kind of work for which compensation was charged. The court, therefore, erred in not sustaining the special demurrer.

*Judgment reversed. All the Justices concur.*