## 5878.   VALDES HOTEL COMPANY *v.* FERRELL.

1. The court did not err in declining to sustain the demurrers to the plaintiff's petition.

(*a*) The allegations of the original petition sufficiently set forth a cause of action to admit of such amendment as was allowed by the court.

(*b*) If the petition was duplicitous, the amendment allowed by the court cured the defect, and in so far as the petition was ambiguous it was likewise cured by amendment.

2. Instead of reducing an agreement to writing the parties may adopt by reference the terms of a contract already in writing. *Butler* v. *Tifton, &c. Ry. Co.*, 121 *Ga.* 817 (49 S. E. 763). The purchaser of a hotel which had been leased by the previous owner for a term of years may, by expressly assuming the obligations imposed by the lease contract, subject himself to the same liability as if the obligations were incorporated in a new and independent contract.

3. The allegations of the petition sufficiently set forth a cause of action, based on adoption of the terms and conditions of the previous contract between the plaintiff and the defendant's predecessor in title, to withstand the demurrer interposed to that part of the petition.

4. It is the duty of a landlord, in the absence of an agreement to the contrary, to keep the premises in repair, and if, after knowledge or notice that the premises are out of repair, the landlord neglects to repair them within a reasonable time, the tenant may make the repairs and recover from the landlord the reasonable expenses incurred in putting the premises in proper repair.

5. A tenant is not required to demand that his landlord perform the legal duty to make necessary repairs, but the tenant must give the landlord notice of the defective condition of the property and of the consequent need for repairs, before he can charge the landlord with liability for the cost of necessary repairs which the tenant has made because of the landlord's failure to do so within a reasonable time.

DECIDED SEPTEMBER 17, 1915.

Complaint; from city court of Valdosta—Judge Cranford. July 3, 1914.

*E. K. Wilcox*, for plaintiff in error.

*George E. Simpson, F. S. Harrell*, contra.

RUSSELL, C. J.   Ferrell sued the Valdes Hotel Company, a corporation, for certain amounts which he alleged he had expended in necessary repairs upon the Valdes Hotel. The amounts expended consisted of a number of items set out in an exhibit to the plaintiff's petition, aggregating about $1,100. The list of the expenditures was itemized, and, so far as appears from the petition, the repairs were necessary and the expenditures were reasonable in amount. The defendant demurred to the petition, and,

after the allowance of several amendments to the petition, renewed its demurrers; the court refused to sustain the demurrers, and the defendant excepted.

From the allegations of the petition, it appears that on February 12, 1907, the plaintiff leased from the Valdosta Hotel Company, for a period of five years, the Valdes Hotel in the city of Valdosta. The lease was in writing, and by its terms the lessor agreed to make all necessary repairs, except such as might result from the neglect of the lessee, and to keep the building in good repair. At the time the lease was executed, Jones & Roberts, a partnership, held a mortgage for several thousand dollars on the building, and it is now conceded by counsel that the lien of the mortgage was superior to the rights of the lessee. The mortgage was foreclosed in January, 1910, and the hotel building was levied upon and sold under the mortgage fi. fa. It was bid off by D. C. Ashley and C. R. Ashley, who thereafter sold to J. M. Ashley a third interest in the property. Some time subsequent to this the owners were incorporated under the name of the Valdes Hotel Company, the corporation against which the present action is brought. The plaintiff remained in possession of the hotel, and, after the property was sold, paid the rent to the purchasers until they were incorporated as the Valdes Hotel Company, and thereafter the rents were paid to the corporation. After the expiration of the lease the plaintiff brought the present action, which, as above stated, embraced various expenditures made in repairing the hotel property during the term of the lease. The plaintiff contends that the defendant is liable under the terms of the original contract, which is alleged to have been adopted by the defendant, acting through its president as its duly authorized agent. In the lower court the defendant, by demurrer, insisted that the plaintiff could not recover upon the covenant contained in the lease, because it was not a covenant running with the land, but a purely personal covenant, and that even if the covenant were binding on the defendant, the defendant would not in any event be liable for a breach of the covenant to repair which occurred before the sale; that the petition did not show that the repairs which the plaintiff claimed to have made became necessary after the sale and after the Valdes Hotel Company was incorporated, and that if they did not become necessary after the corporation was formed, the plaintiff's right of action, if any, would

have accrued before he became the defendant's tenant. It is further insisted in the demurrer that the petition is duplicitous, in that it is impossible to determine from its allegations whether the suit is based on the covenants contained in the lease or whether the plaintiff seeks to recover on the verbal contract alleged to have been made with the defendant's president and acting manager, or whether the plaintiff is proceeding upon the theory that, because of the existence of the relation of landlord and tenant, the defendant is liable to him for the cost of the repairs independent of the lease contract.

1. It must be conceded that the original petition was ambiguous in several of its allegations, and that it failed to point out clearly the foundation upon which the action rested, but there is enough to indicate that the plaintiff claimed that the defendant was liable because it had assumed the obligations of the plaintiff's prior contract with the Valdosta Hotel Company. For that reason the allegations of the petition sufficiently set forth a cause of action to admit of amendment. Many of the allegations are merely narrative of incidents leading up to the alleged substitution of the defendant, Valdes Hotel Company, for the former landlord, Valdosta Hotel Company, and the petition as amended may be subject to special demurrer, but its allegations are ample to enable it to withstand dismissal upon general demurrer.

In view of the amendments, the petition can no longer be said to be duplicitous or ambiguous in its statement of the ground of the defendant's liability. The intimation that the rights of the plaintiff under its contract of lease were superior to those of the purchaser under the mortgage fi. fa., and the conclusion that the purchaser at the mortgage sale bought subject to the terms of the lease and thereby became bound by its terms and stipulations, were withdrawn by the striking of the allegations of paragraph 3 and the substitution in lieu thereof of the mere statement that the hotel property was sold under a named mortgage and purchased by certain named persons. By another amendment, allowed at the same time as that to which we have just referred, the petitioner struck those allegations in the petition in which it was alleged that the defendant obligated itself to make all necessary repairs, by recognizing the petitioner as its tenant and accepting rents under the terms of the lease, with full knowledge of its

conditions and stipulations, and inserted the following: "That said Valdes Hotel Company, a corporation as aforesaid, after it became the owner of said property, accepted your petitioner as its tenant under the same terms and conditions as stipulated in the contract or lease between your petitioner and the Valdosta Hotel Company, and permitted your petitioner to occupy said hotel as its tenant until the first day of September, 1912." This allegation presents a clear issue of fact. If the defendant in fact accepted the plaintiff as its tenant under the same terms and conditions as stipulated in the contract with the plaintiff's prior landlord, adopting the contract between the Valdosta Hotel Company and the plaintiff, or making a new contract, based on the same terms and conditions, it would be bound thereby. *Florida Midland &c. Railroad Co.* v. *Varnedoe,* 81 *Ga.* 175 (7), 176 (7 S. E. 129); *International Power Co.* v. *Hardy,* 118 *Ga.* 512 (45 S. E. 311). The first paragraph of a previous amendment, in which it is alleged that the defendant, after purchasing the hotel, permitted the plaintiff to remain in possession as its tenant under the terms and conditions stipulated in the contract between the plaintiff and the Valdosta Hotel Company, and that the defendant accepted of and from the petitioner $300 per month as rent, is not inconsistent with the basic contention contained in the amendment we have just quoted. The fact that the plaintiff remained in the hotel and paid the rent under the same terms and conditions as obtained during the life of the contract with the Valdosta Hotel Company, so far from being inconsistent with the statement that the Valdes Hotel Company accepted the plaintiff as a tenant under the same terms, etc., may properly support and corroborate the latter statement. Nor does the statement in the second paragraph of the amendment, to the effect that the plaintiff notified the president of the defendant corporation of the defective condition of the building and of the necessity for repairs, render the petition duplicitous. This allegation is perfectly consistent with the foundation of the plaintiff's case as laid in the new 7th paragraph, in which it is alleged that the defendant adopted the prior contract which the plaintiff had with the Valdosta Hotel Company. As will be pointed out later, the allegations of this paragraph were necessary to bind the defendant for repairs made by the plaintiff after the defendant had failed or refused to make them in accordance with his duty.

2-3.  It is clearly ruled in *Florida Midland &c. Railroad Co.* v. *Varnedoe*, in *International Power Co.* v. *Hardy*, and in *Butler* v. *Tifton &c. Co.*, supra, that instead of reducing an agreement to writing, the parties by reference may adopt the terms of a contract already in writing.  In the *Varnedoe* case, in which it was held that the written contract in question was the individual undertaking of one Peck and could not be ratified by the company or its agents, it was nevertheless ruled that it was proper to submit the question as to whether the defendant, by its authorized agent, adopted the contract made with Peck after Peck's failure, or made a new contract with the plaintiff upon the same terms and conditions.  It was ruled in that case that, "if they adopted it in substance or made such a new one, then the plaintiff should recover if he complied with his part of the contract.  If the defendant did not adopt the contract or make a new one, or if, having made a new one, the plaintiff subsequently withdrew from the contract, he can not recover."  The allegations of the plaintiff's petition in the present case placed his right to recover upon the distinct statement that the defendant accepted him as a tenant and adopted the prior contract with all its conditions and stipulations, and if this is established by proof, he would be entitled to the same rights as he would have had against the Valdosta Hotel Company.  Of course, there would be no liability upon the Valdes Hotel Company for repairs until after it had accepted the plaintiff as its tenant, and its liability for repairs would be limited to such repairs as became necessary after the creation of the relation of landlord and tenant by its adoption of the contract.

4.  If the defendant accepted the plaintiff as its tenant by adopting the contract between the plaintiff and the Valdosta Hotel Company, it would have been the duty of the new landlord as much as of the old to keep the hotel premises in repair in accordance with the stipulations of the original lease contract.  In the performance of this duty the landlord would first have the right to have the repairs made himself and by such persons as he might select, and at prices to which he might agree.  However, the duty of a landlord to make repairs does not compel the tenant to continue to suffer inconvenience and loss by reason of the landlord's failure or neglect to make repairs; and if, after knowledge or notice that premises are out of repair, the landlord neglects to repair them

within a reasonable time, the tenant may make the repairs and recover from the landlord the reasonable expense incurred in putting the leased premises in proper repair. *Dougherty* v. *Taylor & Norton Co., 5 Ga. App.* 773 (63 S. E. 928). Whether cases of emergency might arise when a tenant might have the right to make repairs without giving notice to the landlord need not at this time be decided. Under the legal requirement which rests upon a landlord to make repairs, it is not necessary for a tenant to demand that the landlord perform his legal duty. It is necessary for the tenant to give the landlord notice of the defective condition of the premises, so as to allow him the right in the performance of his legal duty, of selecting the means and providing for the terms upon which the repairs shall be made. For this reason the amendment to which we have referred in another portion of this opinion, in which it was alleged that the plaintiff notified the president of the defendant corporation of the defective condition of the building and of the necessity for repairs, and that the landlord failed to repair, was properly allowed. It is only when the landlord fails and refuses to make repairs which are necessary (or which have been stipulated by contract) that the tenant can have such repairs made and hold the landlord liable for the reasonable cost of making them.

In view of the amendments which were allowed, the rulings upon the demurrers were not erroneous.     *Judgment affirmed.*