### 26323. THIGPEN *v.* MADDOX & GRIFFIN.

DECIDED SEPTEMBER 29, 1937.

*M. B. Eubanks,* for plaintiff in error.
*Maddox & Griffin,* contra.

FELTON, J. Maddox and Griffin, a law partnership,· brought suit against Clayton Thigpen for legal services rendered to the wife of Thigpen in divorce proceedings instituted against her by Thigpen, and for defending a lunacy writ issued against her at his instance. The petition, among other things, alleged that the services rendered were necessary to defend her good name; that

the lunacy writ was issued and contested during the pendency of the divorce proceedings; that the services rendered in each case were so intermingled that it was impossible to allege the reasonable value of the services in each case; that the wife of Thigpen was adjudged sane; and that thereafter. the divorce proceedings were dismissed, and Thigpen and his wife re-established their marital relation. The defendant demurred generally on the ground that sufficient facts are not alleged to charge the defendant with the attorney's fees incurred by Mrs. Thigpen; and specially that no set sum was alleged to be due for the services rendered in the divorce action, and no set sum was alleged to be due in the lunacy proceeding, but that the plaintiffs sued for $500 for services rendered generally in the two proceedings.

■ "As to a suit for divorce, the wife is sui juris, and may charge the husband without his consent with the real value of all such services of other persons as may be necessary to her in the conduct of the suit." *Sprayberry* v. *Merk,* 30 *Ga.* 81 (76 Am. D. 637). We think also that the wife may charge the husband with the expenses of defending her in a lunacy proceeding, since her good name and her future status in society are at stake in such a proceeding. That the expenses of litigation in divorce proceedings come under the heading of necessaries has been uniformly held in this State, and the fact that the divorce suit has been settled will not relieve the husband of his liability to pay the reasonable value thereof. *Sprayberry* v. *Merk,* supra; *Roberts* v. *Roberts,* 115 *Ga.* 264 (41 S. E. 616, 90 Am. St. R. 108); *Van Dyke* v. *Van Dyke,* 125 *Ga.* 491, 493 (54 S. E. 537); *Parks* v. *Parks,* 126 *Ga.* 437 (55 S. E. 176); *Harrison* v. *Harrison,* 133 *Ga.* 31 (65 S. E. 126). Under the above ruling, the petition alleging the employment of the plaintiffs, the performance of services, completion of the contract of employment, with the statement, in a general way, of the work done and the amount of compensation to which plaintiffs were entitled, set forth a cause of action (*International Power Co.* v. *Hardy,* 118 *Ga.* 512, 45 S. E. 311), and the general demurrer was properly overruled.

■ The action was for the value of services alleged to have been rendered by the plaintiffs for the wife of the defendant, in the absence of any agreement as to the amount which should be paid for the same; and the services having been rendered in two separate

■

and unrelated matters of litigation, when called for by special demurrer the particular services so performed and their respective values should have been set out. *Kilkenny Plantation* v. *Furber*, 130 *Ga.* 492 (61 S. E. 13). Therefore the court erred in not sustaining the special demurrer.

*Judgment reversed. Sutton, J., concurs. Stephens, P. J., dissents.*