GREENE *v.* GOLUCKE *et al.*

DUCKWORTH, Presiding Justice. 1. "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." Restatement of the Law, Agency, § 82; 2 Am. Jur. 166, § 208.

2. "The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." *Swicord* v. *Wawelbaum*, 23 *Ga. App.* 297 (98 S. E. 817). See also *Roberts* v. *Bank of Eufaula*, 20 *Ga. App.* 221, 225 (92 S. E. 1015); *Render* v. *Jones Mercantile Co.*, 33 *Ga. App.* 394 (1) (126 S. E. 159); *Federal Deposit Ins. Corp.* v. *Thompson*, 54 *Ga. App.* 611 (2-b) (188 S. E. 737); *Florida Midland &c. R. Co.* v. *Varnedoe*, 81 *Ga.* 175 (7) (7 S. E. 129); *Thompson* v. *Brown*, 121 *Ga.* 814 (49 S. E. 740).

3. Where an administrator with the will annexed of the estate of a deceased person executed a lease of a described building, as part of the estate, to the petitioner, the lease containing an option for renewal for a five-year term at the expiration of the original term on March 22, 1947, at a rental to be fixed as provided in the lease, and during the pendency of the lease another person, one of the defendants, acquired the legal title to the building on April 6, 1946, the acceptance of rent from the lessee in the amount due under the lease for the unexpired period did not constitute ratification by the defendants of the lease and bind the title holder to the option of renewal, the lessor admittedly not having been acting on behalf of the defendants in the execution of the lease contract.

4. The purpose of the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137), as declared in section 13 thereof, is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and

other legal relations. The facts of the present case show an actual controversy between the petitioner and the defendants as to who was entitled to the possession on March 23, 1947, of a described building, and there is presented thereby a case for a declaratory judgment as to the rights of the parties. Under the law and the facts, the trial judge, before whom the case was heard without a jury, did not err in entering a declaratory judgment that the defendant title holder was entitled to the possession of the building in question on March 23, 1947.

*Judgment affirmed. All the Justices concur.*

No. 15835. June 10, 1947. Rehearing denied July 11, 1947.

500

*W. A. Slaton,* for plaintiff.
*Noel P. Park* and *Osgood O. Williams,* for defendants.