## 29297. BOROCHOFF PROPERTIES, INC. v. CREATIVE PRINTING ENTERPRISES, INC.

JORDAN, Justice.

On or about August 21, 1972, Creative Printing Enterprises, Inc., as lessee and Borochoff Properties, Inc., as lessor, entered into a standard commercial lease contract in which the lessee agreed to pay $2,000 per month for a building in which to carry on its printing business. In paragraph 9 of the lease agreement the lessor agreed to "keep in good repair the roof." On December 31, 1973, the lessee informed his landlord that the roof was leaking and that he was sustaining extensive damages each time it rained. Satisfactory action was not taken by the lessor and on April 17, 1974, lessee filed a complaint in Fulton Superior Court seeking specific performance of lessor's covenant to keep the roof in good repair. During the pendency of the suit the lessee paid his rent into the registry of the court. The lessor filed his answer and a motion to dismiss contending that the lessee's complaint failed to state a claim upon which relief could be granted. The motion to dismiss was granted by the trial judge on the ground that lessee's remedy at law was adequate. Code § 37-801.

The lessee appealed, contending that its remedy at law was inadequate and that the trial court erred in dismissing the complaint.

We do not agree with this contention and affirm the judgment of the trial court. It has long been the law in this state that if a landlord covenants to keep certain premises in good repair, in this case the roof, "the remedy of the tenant is, after reasonable opportunity to the landlord, and failure by him to repair, to make the repairs himself and look to the landlord for reimbursement, or to occupy the premises without repair, and hold the landlord responsible for damages by action, or by recoupment to an action for the rent." *Lewis & Co. v. Chisholm,* 68 Ga. 40 (3); *Valdes Hotel Co. v. Ferrell,* 17 Ga. App. 93 (86 SE 333).

The facts stated in appellant's petition fail to show that its remedy at law was inadequate and the lower court did not err in granting the motion to dismiss.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs specially.*

ARGUED OCTOBER 16, 1974 — DECIDED NOVEMBER 26, 1974.

*Davis, Matthews & Quigley, Baxter L. Davis,* for appellant.