McELVEEN COMMISSION CO. *v.* JACKSON & BROTHER.  94a 549| 113 1044|

1. The court may refuse to grant a continuance applied for on the ground of the providential absence of the party, when the truth of the ground is unsupported by any evidence except a telegram from the party to his counsel.

2. A new trial may be denied, the ground of the application being that the movant was absent from the court because of the sickness of his wife, where the only evidence of her sickness is his own affidavit, if the affidavits of other witnesses to whom the court gives credit contradict this affidavit as to a material matter, and if, according to the party's own showing, the wife's sickness was not sudden but had existed for some days, so as to afford time to furnish the court with proper evidence of its existence before the trial began.

3. It was not error to refuse to postpone the hearing and decision of the motion for a new trial to enable the movant to obtain other affidavits, which he said he could procure, to support his own as to the sickness of his wife, he not naming any person or persons who could or would make such affidavit or who had knowledge of the alleged sickness.

4. It is not cause for a new trial that the court refused to dismiss the action on motion of defendant, the ground of the motion being that the suit was against a partnership composed of two persons, only one of whom had been served, and there was no return of service or of *non est inventus* as to the other. This is true whether the cases of *Printup Bros. & Co.* v. *Turner*, 65 *Ga.* 71, and *Ells* v. *Bone*, 71 *Ga.* 466, were correctly ruled or not. *Judgment affirmed.*

June 11, 1894. Argued at the last term.

Complaint. Before Judge SWEAT. Glynn superior court. May term, 1893.

FRANK H. HARRIS and JOHN L. HARRIS, for plaintiff in error. OWENS JOHNSON, *contra.*

---

McDONALD *v.* TISON.

A creditor cannot without the assent of his debtor, but with such assent he may, cut up into several parcels an open account resting on one and the same entire contract, so as to maintain thereon several actions in a justice's court. The debtor's assent should be presumed where the actions were simultaneously brought in the same