THOMPSON *v.* BROWN.

SIMMONS, C. J.   1. Where a wife makes a contract in her own name for the improvement of her husband's house, the husband is not liable therefor when it does not appear that the wife was his authorized agent, or that he knew that the work was being done on his property, or that he adopted the contract as his own. Benjamin *v.* Benjamin, 15 Conn. 347, 39 Am. Dec. 384.

2. The wife having acted on her own behalf and not as the agent of her husband, he can not be held bound, as principal, by ratification, merely because he has paid for part of the work.    Civil Code, § 2997 ; 1 A. & E. Enc. Law (2d ed.) 1188 ; *Blount* v. *Dugger*, 115 *Ga.* 109.

*Judgment reversed.*    *All the Justices concur.*

Argued December 16, 1904.— Decided January 28, 1905.

Complaint.    Before Judge Mitchell.    Thomas superior court. June 10, 1904.

H. E. Thompson, of St. Paul, Minn., owned a dwelling-house in Thomasville, Ga. In the spring of 1900 his wife employed J. H. Brown to furnish material and do the work of repairing and decorating the inside of this house. His bill for work and material amounted to $655.51, on which he was paid $122.70 by William Miller. In 1902 Brown sued Thompson for the balance due on the account, alleging that Thompson "has ratified the acts of his said wife acting for him in the employment of petitioner, by receiving the benefits of petitioner's employment by his said wife and agent and expressing his thorough satisfaction with the services and charges of this petitioner; and that he is therefore bound in good conscience and in law to carry out in full the contract and agreement of his said wife and agent, and is therefore indebted to petitioner," etc.    Thompson denied liability. It appears from

the testimony that the work was finished in December, 1900, and that Thompson and his wife occupied the house that winter and the three succeeding winters. This and other work on the premises was superintended by Miller, who had been employed by Mrs. Thompson to do this. She directed Brown to present his bill for the work to Miller for her, and Brown did so. Miller testified that he received from the defendant, "for materials, repairing, and everything," $3,150, of which $2,500 was received after the work was finished. This left owing over $700 including Brown's account, which he was not instructed to pay. "This work was done according to instructions, as far as I know. I heard no complaint. I paid Brown something over a hundred dollars for his work. I got the money from H. E. Thompson. . . I presented Mr. Brown's bills to Mrs. Thompson; never presented the bills to Mr. Thompson. The last time that I went to ask for a settlement I found Mr. and Mrs. Thompson in the same room together. When I asked for a settlement he said, 'I have done paid too much money on that work already, and I don't propose to pay any more.' . . I was presenting Brown's bill and all the other bills together." The defendant testified, that he never knew of Brown's employment, and never authorized any one to contract with him or with any one else to do work on the house; and that he had no knowledge of any work having been done, except that Mrs. Thompson had made a contract with Miller to make repairs, the character of which he did not know; that the work was not necessary at the time to the comfort and protection of his family; that neither the plaintiff nor any one for him ever presented a statement of the account sued on and demanded payment of defendant; and that he never paid any amount of money on the account. If his wife employed Brown, it was with his consent.

The verdict was in favor of the plaintiff. The defendant moved for a new trial, which was denied, and he excepted.

*Theodore Titus*, for plaintiff in error.
*S. A. Roddenbery* and *Roscoe Luke*, contra.