### 9857. SWICORD et al. v. WAXELBAUM.

1. Where less than the amount of an execution is received from one of joint defendants therein, under an agreement made or authorized by the plaintiff that the payment thus received shall relieve that defendant from further liability, the agreement will discharge the other defendants; but such an agreement by a sheriff, made without authority from the plaintiff, will not have that effect.
2. The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him.

DECIDED JANUARY 16, 1919.

Affidavit of illegality; from city court of Cairo—Judge Willie. April 17, 1918.

Joseph Waxelbaum obtained a joint judgment against T. H. Swicord, S. P. Swicord, and I. P. Chapman, upon which execution was issued for $700 principal, $122.24 interest, $16 costs, and $82.22 attorney's fees. Upon this execution appears the following credit: "Received of I. P. Chapman on the within execution, this

June 4, 1917, $314.48." After that date the execution was levied upon property of T. H. and S. P. Swicord, and they filed an affidavit of illegality, setting up that the execution had been fully extinguished, in that "on the 7th day of June, 1917, I. P. Chapman, one of the joint defendants in said cause, and against whom said judgment on which said fi. fa. issued and said levy was made, paid to the authorized agent of plaintiff in fi. fa., the same being D. D. Perkins, as sheriff of Grady county, Ga., who had said fi. fa. in hand for collection, one third of the amount of the principal, interest, and accrued costs, and was released from further liability thereon by said agent, and it was agreed by said agent that no further levy would be made under said judgment against said I. P. Chapman, and that by said acts, all of which were without the knowledge of these defendants, defendants are discharged from further liability on said judgment." The judge sustained a demurrer to the affidavit of illegality, and in his judgment set out that it was "admitted in open court by counsel for the defendants in the illegality that he did not claim or intend to allege that in receiving payment and making the alleged release the sheriff was acting in any capacity other than in his official capacity as sheriff of the county."

*S. P. Cain,* for plaintiffs in error.

*Pottle & Hofmayer, Bell & Weathers,* contra.

JENKINS, J. (After stating the foregoing facts.) Where a plaintiff in fi. fa. accepts a sum of money from one of the joint defendants therein under an agreement that he is to be relieved from further liability under the fi. fa., the other defendants are also relieved, and the fi. fa. is discharged. *Warthen* v. *Melton,* 132 *Ga.* 113 (4) (63 S. E. 832, 131 Am. St. R. 184). The question in this case is, did the plaintiff in fi. fa. agree to release Chapman from further liability upon the payment made by him to the sheriff? The affidavit of illegality sets up that such a release was made by the plaintiff through the sheriff, acting for him as his duly-authorized agent, and the theory of the plaintiffs in error is that since the plaintiff in fi. fa. has received the benefit of the payment so received, he must be held to have adopted the conditions on which it was made (Civil Code of 1910, § 3593), although there is nothing in the record to indicate that the plaintiff in fi. fa. had knowledge of any such agreement on the part of the sheriff. It will be

seen, however, from the statement made above, that it was specifically agreed in the court below that the defendants in fi. fa. did not claim or intend to allege that the sheriff in receiving the payment and making the alleged release was acting in any capacity other than in his official capacity as sheriff of the county. In other words, it is not contended that in making the agreement he assumed to be acting upon any authority given him by the plaintiff in fi. fa. The sheriff, as such, as a matter of course, has no authority whatsoever to make any alterations as to the liability under the execution of the defendants in fi. fa., and is only empowered to extinguish a fi. fa. upon the receipt in cash of the full amount called for thereby. The defendant in fi. fa. was chargeable with knowledge that such is the law. Since, therefore, the sheriff, as such, could not assume such authority, and since it is admitted that he did not purport to be acting under any such authority delegated to him by the plaintiff in fi. fa., the doctrine of ratification could not in any event have proper application, for the reason that a subsequent ratification by the principal of the acts of another must be for acts which were assumed to have been done in his behalf and under his authority. See *Roberts* v. *Bank of Eufaula,* 20 *Ga. App.* 221, 225, (92 S. E. 1015).

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*