## 15711. RENDER *v.* JONES MERCANTILE CO.

STEPHENS, J. 1. An act can not be subject to ratification unless done for and in behalf of the person adopting it and attempting to ratify it. Civil Code (1910), § 3569; *Swicord* v. *Waxelbaum*, 23 *Ga. App.* 297 (97 S. E. 891); Huffcutt on Agency (2d ed.), 44, 45, and cases there cited.

(*a*) In a suit by a merchant against a planter, to recover the purchase price of oats sold to the defendant's overseer and charged by the plaintiff to the defendant, where there is no evidence to the effect that the overseer, in buying the oats, did so in behalf of the defendant, a subsequent promise of the defendant to the plaintiff to pay for the oats can not amount to a ratification.

2. A promise afterwards made by the defendant to the plaintiff to pay for the oats if the overseer will approve the bill is not an unconditional act, and therefore can not amount to a ratification of the act of the overseer, could it be assumed that such act is a proper subject-matter for ratification.

3. Since, by applying the above rulings to the evidence as here presented, the defendant was entitled to a direction of a verdict, certain evidence, offered by the defendant and rejected by the court, to the effect that the overseer himself was the owner of certain live stock on the defendant's farm, over which the overseer had supervision, could have availed the defendant nothing; and, even if relevant and material, its exclusion under the present state of the record was harmless.

4. The verdict for the plaintiff was unauthorized.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 17, 1925.

Complaint; from city court of LaGrange—Judge Duke Davis. May 3, 1924.

*L. B. Wyatt,* for plaintiff in error.

*Lovejoy & Mayer,* contra.