HINES *et al.* *v.* MOORE *et al.*

HINES, J. 1. The admission of the evidence objected to by the defendants, as set out in the 1st, 2d, 3d, 4th, and 5th grounds of the amendment to the motion for new trial, did not require the grant of a new trial.

2. Where the deceased in his lifetime purchased from Orilla Eve, guardian, under order of the superior court, a tract of land for the sum of $1800, made a cash payment thereon of $300, and agreed to pay the remainder of the purchase-money in three annual payments, but died without making any of the deferred payments, and where, upon the application of his widow for a year's support for herself and their 10 minor children, the appraisers set aside for such support $1409.75, which the widow elected to take in certain items of personalty at named prices, "100 acres land $400.00," and "Cash paid on the Rilla Eve place $300.00," this latter place being the one so purchased by the deceased, and where the widow and children of the deceased paid in full to the guardian the balance due on the purchase-money, this being done with profits made by them from the cultivation of said tract of land so purchased by the deceased, and where the guardian thereupon by deed conveyed said tract of land to the widow and minor children as tenants in common, the deed reciting the facts above stated, the equitable interest of the widow and minor children in said tract of land growing out of the setting apart to them, as a part of the year's support, the equity of the deceased therein, became merged in the conveyance from the guardian to them as tenants in common of said tract of land; and thereafter the widow could not sell and convey the timber growing and standing upon said tract of land, upon the theory that said land had been set aside to her and her minor children as a year's support, and the purchasers of said timber from the widow only got such interest as the widow had in the timber as a tenant in common with her children. Civil Code (1910), § 3682; *Lowe* v. *Webb*, 85 *Ga.* 731 (11 S. E. 845); *Wilder* v. *Holland*, 102 *Ga.* 44 (29 S. E. 134); *Thompson* v. *Sanders*, 118 *Ga.* 928, 930 (45 S. E. 715); *Pitts Banking Co.* v. *Fenn*, 160 *Ga.* 854 (129 S. E. 105). It follows that the court did not err in rejecting the year's support proceedings.

3. The general rule is that the subscribing witnesses must be produced to prove the execution of a written instrument, unless the instrument is an ancient one, or the witnesses can not from any cause be produced, or the writing is an office bond required by law to be approved and attested by a particular functionary, or the paper is only incidentally or collaterally material to the case, or the party executing the instrument testifies to its execution. Civil Code (1910), § 5833.

(a) The conveyance of the timber involved in this case was not officially attested or probated, and for this reason it was not properly recorded; and it does not fall within any of the exceptions specified in the above section of the code, and for this reason the court did not err in excluding the same from evidence.

(b) It follows that the court did not err in refusing to permit one of the vendees in said instrument to testify that it was signed by the vendor.

4. The court did not err in refusing to permit Martha Ann Ramsey to testify in behalf of the defendants as to the value of certain timber

which she sold to one Eubanks, said timber not being that involved in the present litigation.

5. The court did not err in excluding the instrument purporting to be a conveyance by Martha Ann Ramsey to movants of the timber involved in this litigation, at the conclusion of her testimony concerning its execution, her testimony not showing expressly or by reasonable implication that she signed the same.

(a) The rejection of this instrument, if erroneous, was not harmful to the movants, as under the verdict and decree in this case the movants had cut and received more of the timber thereby conveyed than they were entitled to under this instrument, if it had been admitted in evidence.

6. There being no error assigned upon the ruling out of the testimony set out in the 11th ground of the amendment to the motion for new trial, no question is presented for decision.

7. All petitions for equitable relief shall be filed in the county of the residence of one of the defendants against whom a substantial relief is prayed. Civil Code (1910), § 5527.

(a) All persons found within the limits of this State are to be deemed so far citizens thereof as that the right of jurisdiction will attach to such persons. *Dearing* v. *Bank*, 5 *Ga.* 497 (48 Am. D. 300); *Adams* v. *Lamar*, 8 *Ga.* 83; *Molyneux* v. *Seymour*, 30 *Ga.* 440 (76 Am. D. 662).

(b) Any court of any county of this State, which can serve process on a non-resident traveling through the State, acquires jurisdiction over his person. *Campbell* v. *Campbell*, 67 *Ga.* 423, 426.

(c) The petition in this case sought equitable relief against Hines and Yelton. They acknowledged service of the petition, and waived process. Hines, while in the County of Jefferson, was served personally with a copy of the petition and process by the sheriff of that county. Thus the superior court of Jefferson County had jurisdiction of the persons of these defendants; and they were residents of Jefferson County for the purposes of this petition. So their plea to the jurisdiction, setting up that no equitable relief was prayed against any defendant who resided in that county, was not well taken. Besides, affirmative equitable relief was prayed against Philoclea E. Casey Eve, who was a resident of Jefferson County. In these circumstances a verdict finding against their plea was demanded.

8. In order for the pendency of the first suit to constitute a good ground for the abatement of the second suit, the parties must be the same in both suits. *Rogers* v. *Hoskins*, 15 *Ga.* 270; *Augusta &c. R. Co.* v. *Dorsey*, 68 *Ga.* 228. Two of the plaintiffs in the suit in Jefferson County were not parties to the suit in Columbia County. In order to be available in abatement of the second suit, the former suit must have been brought for the same cause of action. Civil Code (1910), § 4331; *Baker* v. *Davis*, 127 *Ga.* 649 (4) (57 S. E. 62); *Bird* v. *Trapnell*, 148 *Ga.* 301 (96 S. E. 417). Applying the above principles, a verdict finding against the plea in abatement was demanded.

9. The evidence demanded the verdict directed; and the court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 7012. APRIL 13, 1929.

*J. B. & T. R. Burnside,* for plaintiffs in error.
*M. C. Barwick,* contra.