25687. FEDERAL DEPOSIT INSURANCE CORPORATION
*v.* THOMPSON *et al.*

DECIDED NOVEMBER 23, 1936.

*Francis C. Brown, Hooper & Hooper,* for plaintiff.

*D. M. Parker, E. M. McCanless, Roscoe Pickett,* for defendants.

SUTTON, J. On October 13, 1934, the Pickens County Bank was placed in the hands of R. E. Gormley, superintendent of banks, for liquidation. Alley Thompson filed a claim as a depositor for the principal sum of $1753.42, which was allowed and approved for payment by the superintendent of banks. The Federal Deposit Insurance Corporation interposed an objection to the payment of this claim, pursuant to the provisions of sec. 16 of art. 7 of the banking law of Georgia (Code, § 13-818), on the ground that the bank was not indebted to Alley Thompson in the amount of his claim or in any amount. The superintendent of banks then filed a petition in Pickens superior court, setting out the foregoing facts and contentions, and asking that the issue thus presented, whether or not such claim should be allowed and approved for payment as a deposit against said bank, be determined by the court. By agreement the case was tried before the judge without a jury, and judgment was rendered in favor of Thompson for the amount of his claim and interest. The Federal Deposit Insurance Corporation made a motion for new trial, which was overruled, and the exception is to that judgment. There is a motion by Alley Thompson to dismiss the writ of error, because no party is therein named as defendant in error, and because Alley Thompson and R. E. Gormley, superintendent of banks, are not named as defendants in error, it appearing that they are both necessary and essential parties, and because the bill of exceptions does not affirmatively shown who are the parties thereto, and that the necessary and essential parties thereto are not named or designated. The bill of exceptions shows that the case tried in the lower court was a claim by Alley Thompson, as a depositor, against the Pickens County Bank which was in the hands of R. E. Gormley, superintendent of banks, for liquidation, and objections to the allowance thereof were filed by the Federal Deposit Insurance Corporation; that a judgment was rendered in favor of Alley Thompson for the amount of his claim; that the Federal Deposit Insurance Corporation excepted to that judgment; and that corporation is referred to therein as plaintiff in error, although no one is named as defendant in error; but service was acknowledged thereon by David M. Parker, "attorney for State supt. of bks," and by

E. M. McCanless and Roscoe Pickett, "attys for deft. in error." Parker represented Gormley and McCanless and Pickett represented Thompson in the trial court. When the case was called here, the Federal Deposit Insurance Corporation made a motion to amend the bill of exceptions by naming Alley Thompson and R. E. Gormley, superintendent of banks of the State of Georgia, as defendants in error.

■ All persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the Court of Appeals, and must be made parties to the bill of exceptions, or the writ of error will be dismissed. But since the act of 1911 (Ga. L. 1911, p. 149), "Where a bill of exceptions which can be identified as excepting to a specific judgment shall be served upon counsel of record in the case, such service shall be held to bind all parties whom said counsel represented in the trial court." Code, § 6-912. "Where an acknowledgment of service has been procured as provided in section 6-912, the bill of exceptions may be amended in the reviewing court by making any person a party defendant in error to the case who is bound by such service although such person may not have been named in the bill of exceptions." § 6-913; *Edwards* v. *Wall,* 153 *Ga.* 776 (5) (113 S. E. 190); *Anderson* v. *Haas,* 160 *Ga.* 420 (128 S. E. 178); *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (4) (168 S. E. 316). Accordingly, the motion to make parties by naming R. E. Gormley, superintendent of banks, and Alley Thompson, as defendants in error, is granted; and the motion to dismiss the writ of error is denied.

■ It is undisputed that on March 31, 1933, Alley Thompson had on deposit in a savings account in the Pickens County Bank a sum in excess of the amount of his claim in this case, and that R. L. McClain, president of said bank, drew a check to cash for $1750, signed the name of Alley Thompson thereto on that date, and used the money to cover temporarily an overdraft of the Jasper Motor Company in the bank, McClain also being president of the Jasper Motor Company. Thompson testified that he did not authorize or consent to such withdrawal from his savings account, and that he knew nothing of this check until September 24, 1934, when he was notified by the bank that he had an overdraft of $136.50 and that he would have to cover it. This was only two

or three weeks before the bank closed. This check was never delivered to Thompson, and his savings-account book, left with the bank for balancing, did not disclose the withdrawal of $1750, but showed a balance in his favor. McClain testified that he had never talked with Thompson about drawing the check, but, as he recalled, Carl Hopkins, manager of the motor company, had told him that Thompson had orally authorized the book transfer. This was denied by Thompson, who testified that the only connection he ever had with Hopkins about a book entry or transfer was in 1932, about a year before the date of the check here involved; that Hopkins told him McClain wanted to "kite" the bank records to fool the bank examiner, but that he refused to have anything to do with it or to become a party to it in anyway. Hopkins testified that he told Thompson that McClain wanted to transfer temporarily a portion of his savings account to cover an overdraft of the Jasper Motor Company; and that at first he did not want to do it, but said that if it would not cause any trouble it would be all right. Hopkins reported to McClain, saying that Thompson said it would be all right as long as the bank examiners were there, if it would not cause any trouble. Hopkins did not know whether this was in 1932 or in 1933, and did not know whether Thompson's money was transferred then or not. He had known of McClain fooling the bank examiners many times. It went on for years, and he would run money from a bank in another town to fool the examiners.

"'Where one deposits money in a bank on general deposit, the bank immediately becomes the debtor of the depositor for the money deposited, and undertakes impliedly to pay that money either to the depositor or to some person to whom he directs it paid; and in order to discharge itself from this liability to the depositor, the bank must pay the money to the depositor or as directed by him. The liability can not be discharged in any other way.' *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597, 600 (7 S. E. 738, 2 L. R. A. 96). 'The bank in such case can not avoid liability by showing that it paid out the money in good faith, and believed that the person presenting the check was authorized by the depositor to sign it and draw out the money, when in fact he had not been so authorized.' *Darien Bank* v. *Clifton,* 156 *Ga.* 65 (118 S. E. 641)." *Moore* v. *Moultrie Banking Co.,* 39 *Ga. App.* 687

(148 S. E. 311). "A bank is bound to know the signatures of its customers,' and if it pays a forged check, it must be considered as making the payment out of its own funds, and can not ordinarily charge the amount so paid to the account of the depositor whose name was forged." 7 C. J. 683, citing *Atlanta National Bank* v. *Burke*, 81 *Ga.* 597 (7 S. E. 738, 2 L. R. A. 96) ; *Georgia Railroad &c. Co.* v. *Love &c. Society*, 85 *Ga.* 293 (11 S. E. 616) ; *Freeman* v. *Savannah Bank &c. Co.*, 88 *Ga.* 252 (14 S. E. 577). Therefore it will readily be seen that the bank is liable to Thompson for his money, if without his authorization it paid out the same on a check signed by the president of the bank, unless Thompson had precluded himself in this matter. But the plaintiff in error contends that if Thompson did not authorize McClain to draw the check and transfer the money from his account in the bank to the credit of the Jasper Motor Company, he later ratified this act and treated the Jasper Motor Company as his debtor for the amount of the check in question, and agreed to look to it for his money instead of to the bank. The evidence in this respect is to the effect that when Thompson was notified, on September 24, 1934, that he had an overdraft in the bank and would have to cover it, finding out then for the first time that his money had been transferred in the bank to the credit of the Jasper Motor Company, he immediately protested both to the bank and to the Jasper Motor Company; that he did not accept, as interest on the $1750, the $140 check that the motor company gave him to pay the overdraft in the bank; that this check did not have "for int. to 3/31/34" written on it when he took it, and that nothing was said about it being given for interest; and that he had never loaned the Jasper Motor Company any money, and did not agree to this transfer. McClain testified that he had never authorized R. H. Goss, bookkeeper for the motor company, to enter the $1750 on the books of that company as a credit to Thompson; that he did not consider the motor company to be obligated to Thompson for this sum, but considered the obligation that of the Pickens County Bank. R. H. Goss, bookkeeper for the motor company, testified that he gave the $140 check to Thompson to pay the overdraft in the bank; that interest was not discussed when he did so; that he did not know whether Thompson used the check or not; that no one told him to make an entry on the books of the Jasper Motor Company

of a credit of $1750 in favor of Thompson; and that he just showed it on accounts payable due Thompson to strike a cash balance.

"One simple contract as to the same matter, and on no new consideration, does not destroy another between the same parties; but if new parties are introduced by novation, so as to change the person to whom the obligation is due, the original contract is at an end." Code, § 20-115. "To constitute a novation by which the original debtor is released, the creditor being bound thereby to discharge the debt as to him and look to another for the payment of his demand, it is essential that a contract be made between the new debtor and the creditor by which the claim can be enforced against the new debtor." *Smith* v. *Missouri State Life Insurance Co.*, 45 *Ga. App.* 383 (165 S. E. 168). "In order, therefore, to take such a transaction without the operation of the statute of frauds, it must appear that the person substituted for the debtor was, by agreement between the creditor, the debtor, and himself, substituted for the original debtor, who was released from the promise. In other words, it must be shown that the person substituted as the debtor in the place of the person released became such as the result of an agreement in which all three concurred." *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798, 800 (51 S. E. 714). See also *Collier Estate* v. *Murray,* 145 *Ga.* 851 (90 S. E. 52); 20 R. C. L. 369, § 12. The evidence shows that the bank, on a check signed by McClain, president of the bank and of the motor company, transferred Thompson's money therein to the credit of the Jasper Motor Company, to cover an overdraft of the motor company, and that this was done for the benefit of the bank in protecting its status with the State banking department. This in no way inured to Thompson's benefit, but was an injury to him. "An act can not be subject to ratification unless done for and in behalf of the person adopting it and attempting to ratify it." *Render* v. *Jones Mercantile Co.*, 33 *Ga. App.* 394 (126 S. E. 159). Thompson denied that he authorized such withdrawal of his funds, or that he ever ratified or agreed to the same; and there was evidence to support him in his contentions. The evidence, while conflicting, authorized the judgment, and the judge did not err in overruling the motion for new trial, the special grounds of which were an elaboration of the general grounds.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*