1. "Ratification is the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him." Restatement of the Law, Agency, § 82; 2 Am. Jur. 166, § 208.
2. "The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him." Swicord v. Waxelbaum, 23 Ga. App. 297 (98 S.E. 817). See also Roberts v. Bank of Eufaula, 20 Ga. App. 221, 225 (92 S.E. 1015); Render
v. Jones Mercantile Co., 33 Ga. App. 394 (1) (126 S.E. 159); Federal Deposit Ins. Corp. v. Thompson, 54 Ga. App. 611
(2-b) (188 S.E. 737); Florida Midland c. R. Co.
v. Varnedoe, 81 Ga. 175 (7) (7 S.E. 129); Thompson v. Brown, 121 Ga. 814 (49 S.E. 740).
3. Where an administrator with the will annexed of the estate of a deceased person executed a lease of a described building, as part of the estate, to the petitioner, the lease containing an option for renewal for a five-year term at the expiration of the original term on March 22, 1947, at a rental to be fixed as provided in the lease, and during the pendency of the lease another person, one of the defendants, acquired the legal title to the building on April 6, 1946, the acceptance of rent from the lessee in the amount due under the lease for the unexpired period did not constitute ratification by the defendants of the lease and bind the title holder to the option of renewal, the lessor admittedly not having been acting on behalf of the defendants in the execution of the lease contract.
4. The purpose of the Declaratory Judgment Act of 1945 (Ga. L. 1945, p. 137), as declared in section 13 thereof, is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and *Page 495 
other legal relations. The facts of the present case show an actual controversy between the petitioner and the defendants as to who was entitled to the possession on March 23, 1947, of a described building, and there is presented thereby a case for a declaratory judgment as to the rights of the parties. Under the law and the facts, the trial judge, before whom the case was heard without a jury, did not err in entering a declaratory judgment that the defendant title holder was entitled to the possession of the building in question on March 23, 1947.
Judgment affirmed. All the Justicesconcur.
 No. 15835. JUNE 10, 1947. REHEARING DENIED JULY 11, 1947.
 STATEMENT OF FACTS BY DUCKWORTH, PRESIDING JUSTICE.
William I. Greene filed in the Superior Court of Taliaferro County a petition against Mrs. Mary Golucke, her husband, R. W. Golucke, and A. E. Rood Jr., seeking a declaratory judgment as to the rights of the parties in and to the possession of a described building in the City of Crawfordville, Georgia, and an injunction against his being dispossessed therefrom. The sworn pleadings introduced in evidence and other evidence showed the following facts: The petitioner, at the time of the filing of his petition on February 15, 1947, was a tenant of a building under a lease executed to him on November 21, 1941, by Frank A. Holden, "executor of the will of John F. Holden, deceased," the evidence showing, however, that he was in fact administrator with the will annexed. The building, within which the petitioner operated a moving-picture business, was a part of the Holden estate, but admittedly the leasing of the property was beyond the powers of the administrator, and the lease amounted only to his personal obligation. The expiration date of the lease was March 22, 1947, the rental being $40 per month for the first two years and $50 per month thereafter, six months rent being payable in advance when the $50 rate became effective, but the lease contained the following option as to a renewal: "At the expiration of this five-year lease lessee has the option to renew the premises for an additional five years. If lessee and lessor can not agree on a fair rental price for the next five years, it is hereby agreed that lessee and lessor shall each appoint a representative, and the two representatives shall appoint a third party, and the three shall fix a fair rental for the next five years after the expiration of the lease, and the lessee and lessor agree to abide by the rental fixed by the three *Page 496 
arbitrators." Agreeably to all the legatees under the will of John F. Holden, and in harmony therewith, and the estate being solvent, division of the property was made by the administrator, and the building here involved was deeded on March 30, 1946, to the executors of the will of a deceased legatee, Thomas C. Holden. On April 6, 1946, these representatives, under general authority in the will of their testator, sold and deeded the building to the defendant, Mrs. Mary Golucke. In this transaction she was represented by her husband, R. W. Golucke, and the purchase was made with the intention that the property be a gift to their son-in-law, A. E. Rood Jr., all three being defendants in the present action. It was conceded by the petitioner that at the time of the purchase Mrs. Golucke was not bound by the lease, but it is contended that by the acceptance of certain rentals thereafter by A. E. Rood Jr. the lease with all its terms was ratified.
The sworn petition introduced in evidence alleged the leasing of the building and an expense of more than $6000 in equipping and furnishing it for the operation of the moving-picture business, payments of rent; knowledge of R. W. Golucke of the provisions of the lease, in that as clerk of the court he personally recorded it; that the defendants ratified the lease by accepting the payment of rent from April, 1946, to and through March 22, 1947, and are bound by the option giving the petitioner the right to a renewal of the lease for another five years; that early in the fall of 1946 the petitioner elected to renew the lease and requested the defendants to select a representative to meet a representative selected by the petitioner and a third person to be selected by these two to fix and determine a fair rental for the next five years beginning March 23, 1947, and the defendants failed and expressly refused to negotiate with the petitioner, refused to appoint a representative to meet with a representative of the petitioner to fix a fair rental, and informed the petitioner that as soon as the first term of five years expired on March 23, 1947, they would proceed to dispossess the petitioner from the building by legal process or other means; that, if the defendants are permitted to dispossess the petitioner, the damage to him will be irreparable and only a court of equity may protect his rights.
The petitioner introduced in evidence his check, dated May 2, 1946, for $300, payable to A. E. Rood Jr., and bearing the notation, *Page 497 
"Advance rent on theatre, May, June, July, Aug., Sept., Oct.," endorsed by A. E. Rood Jr., and paid by the bank on May 6, 1946. He also introduced his check, dated November 4, 1946, for $235.74, payable to A. E. Rood Jr., bearing the notation, "Rent on theatre Nov., Dec., 1946, Jany., Feby. 22 day March, 1947," endorsed by A. E. Rood Jr. and Ralph W. Golucke, and marked paid by the bank November 21, 1946.
The petitioner introduced in evidence copy of letter, dated October 25, 1946, written by him to Mrs. Golucke and reading: "My rent on theatre is due November 1st. I have been instructed by Mr. Golucke to pay all rent to Mr. Eddie Rood Jr. of Atlanta, Ga. This I have done in the past and will continue to do unless otherwise instructed. The reason for this letter to you is because I understand that you are the legal owner."
He also introduced in evidence copy of letter, dated October 25, 1946, written by him to R. W. Golucke and reading: "As you know, rent on theatre will be due on November 1st. As per your instructions I will continue to pay this rent to Mr. Eddie Rood Jr. of Atlanta unless otherwise instructed."
He also introduced in evidence a copy of letter, dated December 5, 1946, written by him to each of the defendants and reading: "According to the terms of the lease on the theatre, I have an option on same for five years after the expiration of the present five years if we can agree on a rental that is fair to both parties concerned. If not we are [to?] call in one person each and they are to call the third party to agree on what is a fair rental. I have made several attempts to discuss this matter with both Mr. Golucke and Rood, but to date have not been able to do so. In all fairness I think that whoever has the authority to discuss this matter with me should do so, and I will meet this party on any date and place specified by whoever is to rent the theatre."
He also introduced in evidence the following paragraph of a letter to W. A. Slaton, the petitioner's attorney, from R. W. Golucke, dated February 6, 1947: "I would not care to consider any price that would extend the delivery date. Having bought the building and paid for it after Mr. Greene said he was not interested, I shall proceed to get possession after March 23."
The defendants introduced their sworn answer, denying any right in the petitioner to remain in the building after the original expiration *Page 498 
date and expressly denying any ratification, and setting up, among others, the following allegations: Any rents paid by the petitioner after title vested in Mrs. Golucke were expressly received without prejudice. None of the defendants at any time recognized the lease as valid. In permitting the petitioner to remain in the building until March 23, 1947, the defendants have acted solely with a view of fair treatment towards him, after he had expressly refused to purchase the property when given a fair and full opportunity to do so, and to give him a reasonable time to make other arrangements for locating his moving-picture equipment, and he has been repeatedly given full and fair notice that all rents paid after title vested in Mrs. Golucke were accepted without prejudice.
The defendants tendered in evidence the will of John F. Holden, the provisions of which are material to the question whether or not Frank A. Holden, as administrator with the will annexed, had the authority to make the lease here involved; but, since it is admitted by the petitioner that he had no such authority, the provisions are not here set forth. Also in evidence were the lease in question, a copy of which was attached to the petition, the deed to the representatives of the deceased legatee, Thomas Claude Holden, and the deed by them to Mrs. Golucke to the building here involved.
R. W. Golucke testified: He represented Mrs. Golucke and A. E. Rood Jr. in the purchase of the building in which the petitioner operated a moving-picture show. Thereafter the petitioner, W. I. Greene, approached him about the property and was referred to Rood. Later the witness told Greene that the property was bought for the son-in-law, A. E. Rood Jr. Greene told the witness something that "the lawyers told him about" the property, and the witness said that he had placed in the hands of a lawyer, on whose judgment he relied, all the papers, and if the lawyer advised the witness that the lease was binding on him and the option was something he would have to carry out as a matter of law, the witness wanted to know where he stood; that, on the contrary, if he advised that the lease was of no effect, the witness would ask for possession of the building. The witness thinks that was in September, and his next correspondence with Greene was through registered mail and with his attorney, Colonel Slaton. Greene never at any time told the witness that he named a representative to confer with a representative of the witness. Previously *Page 499 
to the discussion mentioned there was no conversation with Greene about the lease.
A. E. Rood Jr. testified: He is the son-in-law of Mr. Golucke. Greene visited him several times in Atlanta and never at any time stated that he had selected a representative. Most of Greene's talk was about plans for building a new picture show in Crawfordville, the contracts he had bought up, and that he would show on a vacant lot if necessary, and the witness would be unable to get any pictures. Greene gave him two checks for rent since the witness owned the property. Nothing was said at any of those times about a renewal of the lease contract, and the witness did not at any time tell him he could depend on a renewal of the contract. He first met Greene in Crawfordville in 1946, one afternoon in the spring, and when Greene came to see him in Atlanta it was some time in the late summer or fall. The check he returned to Greene in December was for $300, and then Greene sent him a check for $235 and some cents. Nothing was said in their conversations about the witness wanting compensation after March 23. The witness said nothing that would lead Greene to believe he would let him stay in the building after March 23. They did not discuss the validity of the lease or the question of its renewal.
R. W. Golucke, recalled, testified: There was no transfer of the lease to anybody. It was folded in the papers. $50 may have been a fair rental for the property in the experimental stage of the picture show, but not now. In his judgment $150 a month is a fair rental now. The witness is familiar with rents in Crawfordville. In the payment of rents by Greene nothing was said to lead him to believe that he could keep the property after March 23, 1947. There was no discussion of the question of renewal of the lease when the rent was paid. Some registered mail was received from Greene.
The defendants introduced in evidence affidavits of W. W. Byrd and J. P. Ellington that they were familiar with properties, values, and rents in Crawfordville, and that in their opinion the fair rental value of the building, under conditions then existing, was $150 per month.
The defendants introduced in evidence letter dated November 4, 1946, from Eddie Rood Jr. to William Greene, reading as follows: "Inasmuch as your lease with Mr. Holden, counting from *Page 500 
the day the theatre began operations, expires on March 22, 1947, I am returning herewith your check for $300 which would pay rent beyond that date. I will accept without prejudice a check for the unexpired time, namely, a check covering the period from November 1, 1946, through March 22, 1947."
After reserving his decision, the judge before whom the case was heard without a jury rendered judgment on March 14, 1947, declaring that the defendant, Mrs. Mary Golucke, was entitled to the possession of the building in question on March 23, 1947, and the exception here is to that judgment.