34033, 34050. MORGAN *v.* MAY REALTY COMPANY; and *vice versa.*

*Maddox & Maddox,* for plaintiff in error.

*Wright, Rogers, Magruder & Hoyt,* contra.

FELTON, J. The plaintiff relies on Code § 67-2001 (2), which gives a lien on property for work done for and materials furnished to "a contractor or some person other than the owner." He contends that the defendant Arnold was "some person other than the owner" within the meaning of the Code section, and further contends that such "person" can be anyone regardless of his relationship with the owner. In construing the phrase, "or some person other than the owner," the court in *Pittsburgh Plate Glass Co.* v. *Peters Land Co.*, 123 *Ga.* 723, 725, 726 (51 S. E. 725), said: "They follow the word 'contractor', being connected with that word by the disjunctive 'or', and under the well-settled rule of construction the persons embraced within the meaning of the words will be persons occupying a similar relation to the owner as that of a contractor. Thus interpreting the statute, it would mean that a materialman who furnished material for the improvement of real estate to one who occupied the legal relation of a contractor, or one who had some contractual relation with the true owner in connection with the improvements to be made, would have a lien, and that no one else would." The petition did not allege any contractual relation between Arnold and May Realty Company in connection with the improvements alleged to have been made, so as to allege that Arnold came within the meaning of "some person other than the owner." In fact, the petition did not allege any relationship between Arnold and May Realty Company. Therefore, construing the petition most strongly against the plaintiff, it alleged that Arnold was a stranger as to the company. A stranger cannot order work to be done on property and thereby bind the true owner. *Central of Georgia Ry. Co.* v. *Shiver,* 125 *Ga.* 218, 221 (53 S. E. 610). The plaintiff contends that May Realty Company bound itself by consenting to and by ratifying the contract of improvement between the plaintiff and Arnold, and alleged in support of this contention that May Realty Company in certain particulars directed some of the improvement work. While we recognize the principle that in some instances a true owner may bind himself where improvements are made on his property if he consents to the contract under which the im-

provements are made (*Reppard, Snedeker & Co.* v. *Morrison,* 120 *Ga.* 28 (1), 47 S. E. 554, and *Rutland Contracting Co.* v. *Sallie E. Gay Estate,* 193 *Ga.* 468, 471, 18 S. E. 2d, 835), still, before the owner can ratify the acts of the party who procured the improvements to be made, that party must have acted as or attempted to act as agent of and on the behalf of the owner. *Thompson* v. *Brown,* 121 *Ga.* 814 (2) (49 S. E. 740); *Swicord* v. *Waxelbaum,* 23 *Ga. App.* 297 (2) (97 S. E. 891); *Render* v. *Jones Merc. Co.,* 33 *Ga. App.* 394 (1) (126 S. E. 159); *Morgan* v. *Georgia Paving &c. Co.,* 40 *Ga. App.* 335 (4) (149 S. E. 426); *Federal Deposit Ins. Corp.* v. *Thompson,* 54 *Ga. App.* 611 (2b) (188 S. E. 737). It is true that in the instant case the plaintiff alleged more than the general allegation that May Realty Company ratified the contract between himself and Arnold, and alleged the particulars whereby he contends that May Realty Company ratified the contract, nevertheless, the court in *Carr & Co.* v. *Witt,* 137 *Ga.* 373, 374 (2b) (73 S. E. 668)—in ruling that the allegation that Witt "ratified and assented to the contract" meant nothing more than that Witt gave his consent that the improvements should be made under the contract between the tenant and the contractor—did not base such ruling on the ground that the allegation was too general and not specific enough, but on the ground that the allegation did not show "that he [Witt] adopted the contract *as one made for him by the tenant acting as his agent,* so as to bring him into contractual relations with the contractor making the improvements and furnishing the material." (Emphasis supplied.) The petition did not allege that Arnold acted or attempted to act on the behalf and as agent of May Realty Company; therefore May Realty Company could not have ratified his making the contract with the plaintiff.

The court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed on the main bill of exceptions; the cross-bill of exceptions is dismissed. Sutton, C.J., and Worrill, J., concur.*