### 37784. SMITH *v.* POPE *et al.*

QUILLIAN, Judge. 1. The defense that an account has been split into separate parts in order to bring the amount of each part within the jurisdiction of the justice court must be pleaded. *Talbott* v. *Collier*, 102 *Ga.* 550 (28 S. E. 225).

2. Where the debtor, with knowledge that an account has been divided into separate parts so as to bring each part within the jurisdiction of the justice court, sets up as a defense to a suit brought on one part of the account, that the account, the amount of which was greater than that over which the

justice court has jurisdiction, has been split or divided, then withdraws his pleadings and suffers a default judgment to be entered against him, he waives the right to urge the defense to a suit brought on another part of the account so split or divided. *Johnson* v. *Klassett,* 9 *Ga. App.* 733 (72 S. E. 174); *Teat* v. *Westmoreland,* 19 *Ga. App.* 60 (1) (90 S. E. 1025).

3. A suit by a member of a partnership is not a suit by the partnership and can not be amended so as to change the parties plaintiff from the individual partner to the partnership. *Walker* v. *Sheehan,* 80 *Ga. App.* 606, 607 (56 S. E. 2d 628).

4. That two separate parties, each in his own right, brings actions against the same defendant on the identical account, of itself, affords the defendant no defense, but merely indicates that each party plaintiff claims the right to sue on the account. *Hines* v. *Moore,* 168 *Ga.* 451, 452 (8) (148 S. E. 162).

5. Where debtor and creditor agree that the debtor may pay an open account due the creditor in services, the debtor has the option to pay the account in services of the nature contemplated by the agreement or in money. If he declines to render the services or is rightfully discharged by the creditor, he must pay the account in money. If he is wrongfully discharged or prevented by the creditor from performing the services, he can not be compelled to pay the account. Where, as in this case, there is a conflict in the evidence as to whether the creditor or the debtor was at fault in causing the separation of the parties as employer and employee, so that the contract under which the latter was to render services to the former in the extinguishment of a just account terminated, the jury must decide the issue. 40 Am. Jur. 756, § 60.

6. It is the contention of the defendant, plaintiff in error here, that the partnership, Pope Lumber Company, is estopped to deny that Edward B. Pope was authorized by the partnership to institute the suit on the account alleged to have been pending when the instant action was begun. The contention is not sound. The rule is pronounced in many opinions of our appellate courts and is restated in *Green* v. *Golucke,* 202 *Ga.* 494 (2) (43 S. E. 2d 497): "The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under author-

ity from him.' *Swicord* v. *Waxelbaum,* 23 *Ga. App.* 297 (98 S. E. 817). See also *Roberts* v. *Bank of Eufaula,* 20 *Ga. App.* 221, 225 (92 S. E. 1015); *Render* v. *Jones Mercantile Co.,* 33 *Ga. App.* 394 (1) (126 S. E. 159); *Federal Deposit Ins. Corp.* v. *Thompson,* 54 *Ga. App.* 611 (2b) (188 S. E. 737); *Florida Midland &c. R. Co.* v. *Varnedoe,* 81 *Ga.* 175 (7) (7 S. E. 129); *Thompson* v. *Brown,* 121 *Ga.* 814 (49 S. E. 740)."

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs specially.*

DECIDED SEPTEMBER 9, 1959—REHEARING DENIED OCTOBER 8, 1959.

*Lawson E. Thompson,* for plaintiff in error.

*Colley & Orr, Wilbur A. Orr, Jr.,* contra.

FELTON, Chief Judge, concurring specially. I concur in the judgment but cannot concur in the ruling in division 6.

As to division 6, the rule stated is the law but it does not apply in this case. If one partner sued on the account in behalf of the partnership the partnership could ratify the action, but whether one or both first actions were ratified, the plaintiff in error waived the splitting of the cause of action by permitting a default judgment in the action for the smaller amount even though it was brought in one partner's name.

ON MOTION FOR REHEARING.

The defendant, plaintiff in error here, insists that it does not affirmatively appear from the record that the plea to the jurisdiction referred to in headnote 1 of the original opinion was based on the ground that the account was split so as to bring it within the justice court's jurisdiction. We think that it satisfactorily appears from the record that the plea to the jurisdiction was on that ground. The defendant admitted that he lived within the militia district where the suit was brought, and no other ground on which the jurisdiction of the court could have been challenged appears from the record. But be that as it may, the failure to challenge the jurisdiction in the suit and permitting the judgment to be entered, when full knowledge of the defense was had by the defendant, estopped him to afterwards

complain that the account was so divided. *Teat* v. *Westmoreland,* 19 *Ga. App.* 60, supra; *McElveen Commission Co.* v. *Jackson & Bro.,* 94 *Ga.* 549 (20 S. E. 428).

Rehearing denied. *Felton, C. J., and Nichols, J., concur.*