### 29184. DEAL v. DICKSON et al.

NICHOLS, Presiding Justice.

Roy L. Deal, as seller, entered into a contract for the sale of described acreage located in Stephens County, Georgia with Jack Dickson as the purchaser. In *Deal v. Dickson,* 231 Ga. 366 (202 SE2d 41), a majority of this court upheld the grant of a summary judgment to Dickson in an action seeking specific performance for the sale of Deal's one-half undivided interest in such acreage. Both defendants filed motions for summary judgment in the present case. Roy Deal's motion was granted and no appeal taken. Estelle Deal's motion was denied, the same was certified for immediate review, and the present appeal filed.

The contract of sale in this case was entered into by Roy Deal as seller in his own name and not as agent of his wife. His contract was binding upon him, as to his one-half interest in such property, and has been specifically performed as a result of the prior litigation between the plaintiff here and Roy Deal. See *Deal v.*

*Dickson,* supra.

1. "The majority opinion in *Brandon v. Pritchett,* 126 Ga. 286 (55 SE 241, 7 AC 1093), relied upon by the appellee to support his contention that written authority is not necessary to enter into a contract required by the statute of frauds to be in writing is not authority for his position, for such ruling was expressly disapproved by this court in the full bench opinion in *Byrd v. Piha,* 165 Ga. 397, 402 (141 SE 48), where it was held in dealing with now Code § 4-105 'We are of the opinion that the proper construction of this section is that agencies for the execution of agreements which are required to be made by principals to be in writing, must be created by written authority. Otherwise, the purpose of the statute of frauds, which is to prevent frauds and perjuries, would be virtually done away with. So we are of the opinion that under this section the authority of an agent to execute a contract or memorandum for the sale of real estate or for the lease thereof for a period longer than one year, must be evidenced by writing. Under this section it is just as important that the authority of an agent shall be in writing as that the contract which he makes shall be in writing.' " *Jones v. Sheppard,* 231 Ga. 223, 225 (200 SE2d 877).

2. The plaintiff in this case did not go into possession and make improvements as was done in *Watson v. Brightwell,* 60 Ga. 212, nor did the appellant accept any benefit as a result of the contract which was not signed by her (or for that matter, even executed in her name) as was the case in *Ferguson v. Carter,* 208 Ga. 143 (65 SE2d 600).

3. " 'The doctrine of ratification is not applicable against a person as to an act of one who did not assume to act in his name or under authority from him.' *Swicord v. Waxelbaum,* 23 Ga. App. 297 (98 SE 891). See also *Roberts v. Bank of Eufaula,* 20 Ga. App. 221, 225 (92 SE 1015); *Render v. Jones Mercantile Co.,* 33 Ga. App. 394 (1) (126 SE 159); *Federal Deposit Ins. Corp. v. Thompson,* 54 Ga. App. 611 (2b) (188 SE 737); *Florida Midland &c. R. Co. v. Varnedoe,* 81 Ga. 175 (7) (7 SE 129); *Thompson v. Brown,* 121 Ga. 814 (49 SE 740)." *Greene v. Golucke,* 202 Ga. 494 (2) (43 SE2d 497).

Accordingly, the doctrine of ratification has no application to the present case where the contract was in the name of the defendant's husband only, he being the owner of one-half undivided interest in such property, and was not an attempt on his part to enter into a contract for his wife.

There being no basis upon which the plaintiff could recover from Estelle Deal in this case, the judgment of the trial court overruling her motion for summary judgment must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 1, 1974.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr., David E. Betts,* for appellant.

*McClure, Ramsay & Struble, John A. Dickerson,* for appellees.